# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00307-FDW

| | |
|---|---|
| **CHRISTOPHER GENE CRAWFORD,** | )<br>) |
| **Plaintiff,** | )<br>) |
| vs. | ) **ORDER**<br>) |
| **BURKE COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,** | )<br>)<br>) |
| **Defendants.** | )<br>)<br>) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983 [Doc. 1]. 28 U.S.C. § 1915(a). Plaintiff' is proceeding in forma pauperis. [Docs. 2, 8].

## I. BACKGROUND

Pro se Plaintiff Christopher Gene Crawford ("Plaintiff") is a North Carolina state prisoner currently incarcerated at Albemarle Correctional Institution in Badin, North Carolina. Plaintiff filed a Complaint on October 25, 2019, pursuant to 42 U.S.C. § 1983, naming as Defendants the Burke County District Attorney's Office and the Burke County Sheriff's Department. [Doc. 1 at 1-2]. Plaintiff also filed a second complaint for negligence, purportedly based on diversity jurisdiction under 28 U.S.C. § 1332. [Doc. 1-2]. Plaintiff names the following as Defendants in his negligence complaint: (1) Burke County Sheriff's Office; (2) Burke County District Attorney's Office; (3) Lisa Belle, identified as a judge; (4) Michelle Ledford, identified as an Assistant District Attorney for Burke County; and (5) Wayne Clontz, identified as Plaintiff's criminal attorney in Burke County. [Id. at 2].

For his § 1983 Complaint, Plaintiff alleges as follows:

> I was going to court (Trial) on a Class H Felony, the Judge declared a Mistrial at that point, my bond was revoked, "(unconstitutional)." Then the Bailiff's of the Court put me in Handcuff's then took me in the Hallways behind the Courtroom where they threw me down, which knocked a tooth out, then they began to kick me which broke 2 ribs, and broke my Tail Bone.

[Doc. 1 at 2 (grammatical errors in original)]. Plaintiff further alleges that he "was winning at Trial, so the DA wanted a Mistrial, and then the DA and Judge took my bond away just so I would take a Plea, and my Court Appointed Attorney helped them." [Id. at 4]. Plaintiff claims his due process rights were violated. The Court will construe Plaintiff's allegations of having been beaten by court bailiffs as a claim for excessive force in violation of his Fourteenth Amendment right to be free from cruel and unpunishment.[1] [See id.].

As for Plaintiff's negligence complaint, Plaintiff alleges:

> [Defendants were negligent because they] would have given anyone else a Bond for a Class H Felony, the DA would not have asked for Bond to be revoked due to tardy, and or Mistrial, my lawyer Wayne Clontz would have spoke up for anyone (citizen) but me. I am a US citizen and I have Constitutional Rights but, they all violated my rights because I was the only trying to stand up for my rights that were and still are being violated. Then the Bailiff's Beat me behind the Superior Courtroom because the Judge acted with and in Prosecutorial [*illegible*].

[Doc. 1-2 at 4 (grammatical errors in original)]. For injuries in both complaints, Plaintiff claims physical and emotional injury. [Doc. 1 at 4; Doc. 1-2 at 5]. For relief, Plaintiff seeks monetary damages. [Doc. 1 at 5; Doc. 1-2 at 5].

---

[1] Because Plaintiff was a pre-trial detainee, his excessive force claim is properly brought under the Fourteenth Amendment, rather than the Eighth Amendment, but the analysis is generally the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); but see Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment).

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

First, the Court has no original jurisdiction over the negligence complaint Plaintiff purports to bring based in diversity jurisdiction under 28 U.S.C. § 1332. The complaint is not brought between citizens of different states. There is, therefore, no diversity of citizenship. 28 U.S.C. § 1332(a)(1). As such, the Court will treat Plaintiff's negligence complaint as simply a cause of action for negligence as if it were propounded in Plaintiff's complaint under 42 U.S.C. § 1983.

As to Plaintiff's claim against Defendant Burke County Sheriff's Office, a sheriff's office is not a legal entity capable of being sued. As such, the Burke County Sheriff's Office will be dismissed as a Defendant in this matter. To the extent Plaintiff intended to name an individual employee or employees of the Sheriff's Office in relation to the alleged beating he suffered, the Court will allow an opportunity for Plaintiff to file an amended complaint as to this claim.

As to Plaintiff's § 1983 claim against Defendant Burke County District Attorney's Office, Plaintiff's claim fails. First, the District Attorney's Office is not a "person" subject to suit under Section 1983. See Brooks v. Pembroke Cty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Second, even if Plaintiff intended to bring a claim under § 1983 against an individual prosecutor, prosecutorial immunity would bar Plaintiff's claim. See Imbler v. Pachtman, 424 U.S. 409 (1976). The Court will, therefore, dismiss Plaintiff's claim against Defendant Burke County District Attorney's Office under § 1983 with prejudice.

Regarding Plaintiff's claim for negligence, the Court declines to exercise supplemental jurisdiction because, without proper amendment to Plaintiff's complaint, there are no remaining claims over which the Court has original jurisdiction. The Court will, therefore, dismiss Plaintiff's negligence claim for lack of jurisdiction. See 28 U.S.C. § 1367(c)(3). The Court will do so without prejudice to Plaintiff including a claim for negligence in his amended complaint.

Defendant Belle, however, is immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler, 424 U.S. at 419 (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges

should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). Defendants Burke County District Attorney's Officer and Ledford are also immune from suit. See Imbler, 424 U.S. 409. The Court will, therefore, dismiss Defendants Belle and Ledford with prejudice.

The Plaintiff is also advised that to amend his complaint, Plaintiff may not simply add or modify allegations to his already existing complaint. Rather, he must submit an amended complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue. That is, a plaintiff may not amend his complaint in piecemeal fashion. Furthermore, once Plaintiff amends his complaint, the original complaint will be superseded, meaning that if an amended complaint omits claims raised in the original complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

In sum, the Plaintiff may amend his complaint in accordance with this Order to assert a claim against the individual or individuals who he contends are responsible for the use of excessive force on him after his mistrial. Plaintiff may assert a state law claim or claims only if they are so related to claims Plaintiff properly brings under § 1983 that they involve part of the same case or controversy. See 28 U.S.C. § 1367(a).

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the complaint in accordance with the terms of this Order. If Plaintiff fails to amend the complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed

without prejudice and without further notice to Plaintiff.

2. Defendants Burke County District Attorney's Office, Lisa Belle, and Michelle Ledford are dismissed with prejudice and Defendants Burke County Sheriff's Office and Wayne Clontz are dismissed without prejudice. <u>See</u> 28 U.S.C. §§ 1915(e); 1915A.

3. Plaintiff's Complaint for Negligence [Doc. 1-2] is **DISMISSED** in accordance with the terms of this Order.

4. The Clerk is respectfully instructed to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

Signed: February 13, 2020

_____
Frank D. Whitney
Chief United States District Judge