UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00307-FDW

| CHRISTOPHER GENE CRAWFORD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| FNU RICHARDSON, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint filed under 42 U.S.C. § 1983 [Docs. 15, 15-1]. 28 U.S.C. § 1915(a). Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

## I. BACKGROUND

Pro se Plaintiff Christopher Gene Crawford ("Plaintiff") is a North Carolina state prisoner currently incarcerated at Albemarle Correctional Institution in Badin, North Carolina. Plaintiff filed a Complaint on October 25, 2019, pursuant to 42 U.S.C. § 1983, naming as Defendants the Burke County District Attorney's Office and the Burke County Sheriff's Department. [Doc. 1 at 1-2]. Plaintiff also filed a second complaint for negligence, purportedly based on diversity jurisdiction under 28 U.S.C. § 1332, naming the following as Defendants in his negligence complaint: (1) Burke County Sheriff's Office; (2) Burke County District Attorney's Office; (3) Lisa Belle, identified as a judge; (4) Michelle Ledford, identified as an Assistant District Attorney for Burke County; and (5) Wayne Clontz, identified as Plaintiff's criminal attorney in Burke County. [Doc. 1-1 at 2]. The Court conducted initial review of Plaintiff's Complaint, dismissing Defendants Burke County District Attorney's Office, Lisa Belle, and Michelle Ledford with

prejudice and Defendants Burke County Sheriff's Office and Wayne Clontz without prejudice for the reasons stated in that Order. [Doc. 13]. The Court allowed Plaintiff thirty (30) days to file an amended complaint. [Id.]. Plaintiff timely filed an amended complaint pursuant to 42 U.S.C. § 1983 [Doc. 15], which is now before the Court on initial review.

In Plaintiff's amended complaint, Plaintiff names the following individuals as Defendants: (1) Wayne Clontz, identified as Plaintiff's attorney; (2) FNU Richardson, identified as a Bailiff employed by the Burke County Sheriff's Office; (3) FNU Huffman, identified as a Bailiff employed by the Burke County Sheriff's Office; (4) FNU Sickjack, identified as the "Leader of the Jail;" (5) FNU Smith, identified as a Sergeant at the Burke Catawba County Jail; and (6) Bryan Jones, not otherwise identified by Plaintiff. In his amended complaint, Plaintiff generally claims violations of his constitutional rights relative to due process, cruel and unusual punishment, excessive force, improper search and seizure, excessive bail, false imprisonment/unlawful conviction, and the right to a fair trial. [Doc. 15-1 at 1]. Plaintiff's allegations tend to show that, while he was on trial in Burke County, North Carolina, on undefined charges, a mistrial was declared and thereafter Plaintiff pleaded to the charges and was sentenced thereon. [Id. at 3].

Specifically, Plaintiff alleges that his attorney, Defendant Clontz, violated Plaintiff's due process rights and "was working with the prosecution" because there was no evidence against Plaintiff linking Plaintiff to any crime. Plaintiff claims, "if anything the attorney worked to try to frame the evidence to try to make it fit, but then he worked with vindictiveness with Prosecution." [Id. at 4]. As to Defendants Richardson, Huffman, Smith and Sickjack, Plaintiff contends these Defendants participated in beating the Plaintiff at the courthouse where Plaintiff's trial was held and/or at the Jail where Plaintiff was brought after his trial ended in a mistrial. [Docs. 15, 15-1]. As to Defendant Jones, Plaintiff makes no allegations against Defendant Jones. Finally, Plaintiff

2

references constitutional violations related to his arrest, the conduct of his trial and his conviction. Plaintiff, however, does not name any individual Defendants purportedly responsible for these violations. [See Doc. 15-1 at 1].

For relief, Plaintiff seeks monetary damages. [Doc. 15 at 5].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate

3

must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

When assessing an Eighth Amendment excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

Taking Plaintiff's allegations as true and drawing all reasonable inferences therefrom, the Court finds that the Plaintiff has stated a claim against Defendants Richardson, Huffman, Smith, and Sickjack for the use of excessive force in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

As for Defendant Clontz, Plaintiff has not stated a claim cognizable under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Defendant Clontz did not act under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983, or under the Bivens doctrine. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-

1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983). Defendant Clontz will, therefore, be dismissed for Plaintiff's failure to state a claim against him.

As for Defendant Bryan Jones, Plaintiff lists him among the Defendants in his amended complaint. Plaintiff, however, makes no allegations against Defendant Jones. He will, therefore, be dismissed for Plaintiff's failure to state a claim against him.

To the extent Plaintiff purports to state claims related to his arrest, trial, and/or conviction, these claims are barred by Heck v. Humphries, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, a judgment in Plaintiff's favor regarding the conduct of his trial or his conviction would necessarily imply the invalidity of any conviction or sentence in the underling criminal matter. Plaintiff, however, has not alleged that his conviction has been reversed or otherwise invalidated. Therefore, these claims are barred by Heck.

In sum, Plaintiff's claims against Defendants Richardson, Huffman, Sickjack, and Smith survive initial review. Plaintiff, on the other hand, has failed to state a claim against Defendants

5

Clontz and Jones, and these Defendants will be dismissed. Furthermore, to the extent Plaintiff intended to bring claims related to his arrest, trial or conviction, these claims are barred and will be dismissed.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's claims against Defendants Richardson, Huffman, Sickjack, and Smith survive initial review. Plaintiff's remaining claims against the remaining Defendants are dismissed on initial review.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's claims against Defendants Richardson, Huffman, Sickjack, and Smith for the use of excessive force in violation of the Eighth Amendment survive initial review. See 28 U.S.C. §§ 1915(e); 1915A.

2. Defendants Wayne Clontz and Bryan Jones are dismissed. See 28 U.S.C. §§ 1915(e); 1915A. Any other claims Plaintiff intended to assert are also dismissed. Id.

3. The Clerk is directed to mail four (4) summons forms to Plaintiff for Plaintiff to fill out and identify Defendants in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendants.

Signed: April 15, 2020

Frank D. Whitney
Chief United States District Judge